**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FTX TRADING LTD., et al. | : | Case No. 22-11068 (JTD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| _____ | : | |
| | : | |
| FTX TRADING LTD., ALAMEDA RESEARCH LTD., WEST REALM SHIRES, INC., and WEST REALM SHIRES SERVICES, INC., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Adv. Pro. No. 24-50201 (JTD) |
| - against - | : | |
| | : | |
| PROSPERITY ALLIANCE, INC. | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ANSWER OF PROSPERITY ALLIANCE, INC.

For its answer to the Complaint of Plaintiffs FTX Trading Ltd., Alameda Research Ltd., West Realm Shires, Inc., and West Realm Shires Services, Inc. (collectively, "Plaintiffs"), Defendant Prosperity Alliance, Inc. ("Defendant") avers as follows:

**STATEMENT PURSUANT TO LOCAL RULE 7012-1**

Defendant does not consent to the entry of final orders or judgments by the Bankruptcy Court.

1. Admits that Plaintiffs purports to bring this action pursuant to Sections 105, 544, 548 and 550 of Title 11 of the United States Code and Sections 1304 and 1305 of Title 6 of the Delaware Code, and otherwise states no further response is deemed necessary to the remaining

allegations contained in paragraph 1 of the Complaint, but if a response is required, those allegations are denied.

2. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies the same.

3. Denies the allegations contained in paragraph 3 of the Complaint.

4. Lacks sufficient information as to Plaintiffs' intent and therefore denies the allegations contained in paragraph 4 of the Complaint; and disclaims any obligation to affirm or deny Plaintiffs' statements as to future intentions and reservation of rights. Answering further, all allegations contained in paragraph 4 of the Complaint are denied.

5. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies the same.

6. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and therefore denies the same.

7. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore denies the same.

8. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9. Admits the allegations contained in paragraph 9 of the Complaint.

10. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies the same.

11. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies the same.

12. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies the same.

13. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies the same.

14. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies the same.

15. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies the same.

16. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore denies the same.

17. Admits that this action is styled as an adversary proceeding purportedly commenced pursuant to Section 7001 of the Federal Rules of Bankruptcy Procedure and states that Defendant has no liability, there is no obligation to affirm or disaffirm Plaintiffs' characterizations or non-factual statements, and otherwise denies the remaining allegations contained in paragraph 17 of the Complaint.

18. Admits that this adversary proceeding purports to arise from and relates to the Chapter 11 Cases filed with this Court on the Petition Date, but otherwise Defendant is under no obligation to affirm or disaffirm Plaintiffs' characterizations or non-factual statements, and otherwise denies the remaining allegations contained in paragraph 18 of the Complaint.

19. States that the allegations contained in paragraph 19 of the Complaint call for a legal conclusion for which no response is deemed necessary.

20. States that the allegations contained in paragraph 20 of the Complaint call for a legal conclusion for which no response is deemed necessary.

21. States that the allegations contained in paragraph 21 of the Complaint call for a legal conclusion for which no response is deemed necessary.

22. Admits that Plaintiffs purports to proceed under Sections 105(a), 544, 548, and 550 of the Bankruptcy Code and Sections 1304 and 1305 of Title 6 of the Delaware Code, and otherwise denies all remaining allegations contained in paragraph 22 of the Complaint.

23. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies the same.

24. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies the same.

25. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore denies the same.

26. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore denies the same.

27. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and therefore denies the same.

28. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore denies the same.

29. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and therefore denies the same.

30. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and therefore denies the same.

31. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore denies the same.

32. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore denies the same.

33. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and therefore denies the same.

34. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and therefore denies the same.

35. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and therefore denies the same.

36. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and therefore denies the same.

37. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and therefore denies the same.

38. Admits that Defendant is a Viriginia non-profit corporation organized under 501(c)(4) of the Internal Revenue Code, for the purpose of "building a stronger economy for all Americans through enacting pro-growth economic policies." Answering further, Defendant denies the remaining allegations contained in paragraph 38 of the Complaint.

39. Admits that Defendant received from Prime Trust LLC the following donations: (a) $450,000 on or about May 12, 2022, (b) $575,000.00 on or about May 16, 2022, (c) $300,000 on or about May 18, 2022, and (d) $350,000.00 on or about June 7, 2022. Answering further, Defendant denies the remaining allegations contained in paragraph 39 of the Complaint.

40. Admits that Defendant received a donation from Guarding Against Pandemics Inc. in the amount of $37,500 on or about July 21, 2022. Answering further, Defendant denies the remaining allegations contained in paragraph 40 of the Complaint.

41. Admits that Plaintiffs are mischaracterizing donations as "Transfers," admits the misidentified "Transfers" were not investments Plaintiffs; and further admits that the so-misidentified Transfers, once completed, became the property of Defendant. Answering further, all remaining allegations contained in paragraph 41 of the Complaint are denied.

42. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and therefore denies the same.

43. Denies there was any involvement by Defendant in a scheme to violate federal campaign finance law and otherwise denies the remaining allegations contained in paragraph 43 of the Complaint.

44. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and therefore denies the same.

45. Defendant restates the admissions, denials, and statements, set forth in Paragraphs 1 through 44 as if fully rewritten herein.

46. Admits that Defendant received from Prime Trust LLC the following donations: (a) $450,000 on or about May 12, 2022, (b) $575,000.00 on or about May 16, 2022, (c) $300,000 on or about May 18, 2022, and (d) $350,000.00 on or about June 7, 2022. Defendant further admits that Defendant it a donation from Guarding Against Pandemics Inc. $37,5000 on or about July 21, 2022. Answering further, Defendant denies the remaining allegations contained in paragraph 46 of the Complaint.

47. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and therefore denies the same.

48. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and therefore denies the same.

49. Denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant restates the admissions, denials, and statements, set forth in Paragraphs 1 through 49 as if fully rewritten herein.

51. Admits that Defendant received from Prime Trust LLC the following donations: (a) $450,000 on or about May 12, 2022, (b) $575,000.00 on or about May 16, 2022, (c) $300,000 on or about May 18, 2022, and (d) $350,000.00 on or about June 7, 2022. Defendant further admits that Defendant it a donation from Guarding Against Pandemics Inc. $37,5000 on or about July 21, 2022. Answering further, Defendant denies the remaining allegations contained in paragraph 51 of the Complaint.

52. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and therefore denies the same.

53. Admits that no payment or other consideration was provided by Defendant for the contributions and otherwise denies all remaining allegations contained in paragraph 53 of the Complaint.

54. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and therefore denies the same.

55. Denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant restates the admissions, denials, and statements, set forth in Paragraphs 1 through 55 as if fully rewritten herein.

57. States that the allegations contained in paragraph 57 of the Complaint call for a legal conclusion for which no response is deemed necessary. To the extent a response is deemed necessary, the allegations contained in paragraph 57 of the Complaint are denied.

58. Admits that Defendant received from Prime Trust LLC the following donations: (a) $450,000 on or about May 12, 2022, (b) $575,000.00 on or about May 16, 2022, (c) $300,000 on or about May 18, 2022, and (d) $350,000.00 on or about June 7, 2022. Defendant further admits that Defendant it a donation from Guarding Against Pandemics Inc. $37,5000 on or about July 21, 2022. Answering further, Defendant denies the remaining allegations contained in paragraph 58 of the Complaint.

59. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint and therefore denies the same.

60. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint and therefore denies the same.

61. Denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant restates the admissions, denials, and statements, set forth in Paragraphs 1 through 61 as if fully rewritten herein.

63. States that the allegations contained in paragraph 63 of the Complaint call for a legal conclusion for which no response is deemed necessary. To the extent a response is deemed necessary, the allegations contained in paragraph 63 of the Complaint are denied.

64. Admits that Defendant received from Prime Trust LLC the following donations: (a) $450,000 on or about May 12, 2022, (b) $575,000.00 on or about May 16, 2022, (c) $300,000 on or about May 18, 2022, and (d) $350,000.00 on or about June 7, 2022. Defendant further admits that Defendant it a donation from Guarding Against Pandemics Inc. $37,5000 on or about July 21, 2022. Answering further, Defendant denies the remaining allegations contained in paragraph 64 of the Complaint.

65. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint and therefore denies the same.

66. Admits that no payment or other consideration was provided by Defendant for the donations and otherwise denies all remaining allegations contained in paragraph 66 of the Complaint.

67. Lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint and therefore denies the same.

68. Denies the allegations contained in paragraph 68 of the Complaint.

69. Denies the allegations contained in paragraph 69 of the Complaint.

70. Defendant restates the admissions, denials, and statements, set forth in Paragraphs 1 through 69 as if fully rewritten herein.

71. Denies the allegations contained in paragraph 71 of the Complaint.

72. Denies the allegations contained in paragraph 72 of the Complaint.

73. Defendant restates the admissions, denials, and statements, set forth in Paragraphs 1 through 72 as if fully rewritten herein.

74. Denies the allegations contained in paragraph 74 of the Complaint.

75. Denies the allegations contained in paragraph 75 of the Complaint.

76. Denies the allegations contained in paragraph 76 of the Complaint.

77. Denies the allegations contained in paragraph 77 of the Complaint.

78. Denies all allegations set forth in the Complaint unless expressly admitted herein.

**FIRST DEFENSE**

79. Defendant proceeded in good faith at all relevant times in accordance and compliance with applicable local, state, federal and foreign law, and without knowledge of the voidability of the alleged transfers or any of the alleged wrongful acts or intents.

**SECOND DEFENSE**

80. Plaintiffs' claims are barred in whole or in part because they fail to state a claim upon which relief can be granted.

**THIRD DEFENSE**

81. Plaintiffs' claims are barred in whole or in part under the applicable statute(s) of limitation.

**FOURTH DEFENSE**

82. Plaintiffs' claims are barred in whole or in part by Plaintiffs' and the Debtors' solvency and because neither Plaintiffs nor the Debtors were made insolvent as a result of the alleged transfers.

**FIFTH DEFENSE**

83. Plaintiffs' claims are barred in whole in or in part to the extent the alleged transfer(s) do not constitute property of the estate.

**SIXTH DEFENSE**

84. Plaintiffs' claims to the requested relief are barred because they impermissibly seek to disregard the separate corporate existence of the Debtors.

**SEVENTH DEFENSE**

85. To the extent Defendant received the alleged transfer(s), it did so in good faith and in exchange for reasonably equivalent value pursuant to Del. Code Ann. title 6, § 1304 and 11 U.S.C. § 544(b).

**EIGHTH DEFENSE**

86. To the extent Defendant received the alleged transfer(s), it did so in good faith and in exchange for value pursuant to 11 U.S.C. § 548(c).

**NINTH DEFENSE**

87. To the extent Defendant received the alleged transfer(s), including as an immediate or mediate transferee of such initial transferee, it did so in good faith, in exchange for value, and without knowledge of the voidability of the alleged transfer(s) pursuant to 11 U.S.C. § 550(b).

**TENTH DEFENSE**

88. Plaintiffs' claims are barred in whole or in part under the doctrine of *in pari delicto*.

**ELEVENTH DEFENSE**

89. Plaintiffs' claims are barred in whole or in part under the doctrine of unclean hands.

90. Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, ratification, estoppel and laches.

**TWELFTH DEFENSE**

91. Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to mitigate their alleged damages.

**THIRTEENTH DEFENSE**

92. Defendant reserves the right to assert any additional affirmative defenses that may be revealed as appropriate as the case proceeds.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant prays that the same be dismissed with prejudice, that it recover its costs and expenses, including attorneys' fees incurred herein, and that the Court grant it such other and further relief that the Court may deem just and proper.

FERRY JOSEPH, P.A.

/s/Rick S. Miller
Rick S. Miller (#3418)
1521 Concord Pike, Suite 202
P.O. Box 1351
Wilmington, DE 19899-1351
(302)575-1555
rmiller@ferryjoseph.com

Of Counsel:

Marion H. Little, Jr., Esq.
Zeiger, Tigges & Little LLP
41 S. High Street, Suite 3500
Columbus, OH 43215
(614) 365-4113
little@litohio.com

Attorneys for Defendant